UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>    Petitioner,<br><br>JARED D. LOZANO,<br><br>    Respondent. | NO. SACV 20-428-DDP (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On February 24, 2020, Petitioner constructively filed a Petition for Writ of Habeas Corpus ("Petition") that seeks a court order (1) finding that his parents are liable for payment of restitution ordered as part of his criminal judgment; and (2) requiring the prison to reimburse Petitioner for funds previously deducted from his prison account for payment of the restitution. (Petition at 5D, 5E.)

## I.

## PROCEDURAL BACKGROUND

On October 26, 1998, the prosecution filed a Petition to Declare Minor a Ward of the Court pursuant to Cal. Welf. & Inst. Code § 602.[1] (Exh. 1 to Petition.)

---

[1] "Except as provided in Section 707, any minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law of this state . . . is within the jurisdiction of the juvenile court, which may adjudge the

The petition contained a Notice of Financial Liability to the parents regarding joint and several liability for any restitution order. (*Id.* at 2.) Although the copy of Exh. 1 was cut off on the right margin, Cal. Welf. & Inst. Code § 730.7 provides, in pertinent part, as follows: "In a case in which a minor is ordered to make restitution to the victim or victims, . . . a parent or guardian who has joint or sole legal and physical custody and control of the minor shall be rebuttably presumed to be jointly and severally liable with the minor in accordance with Sections 1714.1 and 1714.3 of the Civil Code for the amount of restitution . . . so ordered, up to the limits provided in those sections, subject to the court's consideration of the parent's or guardian's inability to pay. . . ."

A jury found Petitioner guilty of first degree murder and attempted robbery, and found true a firearm enhancement. Petitioner was sentenced to 50 years to life. (Petition at 2; Exh. 2 at 3 to Petition.) On January 28, 2000, the Orange County Superior Court entered a minute order after sentencing. Petitioner was ordered to pay a restitution fine of $2000 and victim restitution in the amount of $12,461. The Court ordered that "rest. to be paid from prison wages." (Exh. 3 at 2 to Petition.)

Petitioner states that on July 31, 2017, he filed a Request to Modify Restitution Per P.C. 1202.4(b)(1)and (f)(1)."[2] (Petition at 5C.) After not receiving a ruling within 60 days, Petitioner filed a second motion and a state habeas corpus petition. On November 20, 2017, the Superior Court denied his request

---

minor to be a ward of the court." Cal. Welf. & Inst. Code § 602(a).

[2] "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)." Cal. Penal Code § 1202.4(b)(1).
With respect to the victim restitution order: "The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant." *Id.* § 1202.4(f)(1).

2

for modification of restitution.[3]  (Petition at 5C.)

Petitioner filed a notice of appeal.  The California Court of Appeal issued an order advising Petitioner that it was considering dismissing the appeal from a non-appealable order and inviting him to file points and authorities "to explain why the appeal should not be dismissed."  (Exh. 7 to Petition (citing Cal. Penal Code § 1202.4(g) and *People v. Turrin*, 176 Cal. App. 4th 1200 (2009) (holding trial court lacks jurisdiction to modify restitution fine and therefore order denying motion requesting modification is not appealable).)  Petitioner filed a memorandum in response to the Court's order.  (Petition at 5D.)  On March 1, 2018, the California Court of Appeal noted Petitioner's arguments that "the trial court retains jurisdiction to modify restitution orders, he has demonstrated his inability to pay, and the restitution order is incorrect."  (Exh. 8 to Petition.)  The Court dismissed the appeal on its own motion and for good cause.  (*Id.* (citing Cal. Penal Code §§ 1202.4(f)-(g) and 1237(b), and *Turrin*).

On June 20, 2019, Petitioner filed a state habeas petition in the California Supreme Court.  On September 25, 2019, the California Supreme Court denied the petition as untimely and successive.  (Exh. 10 to Petition.)

## II.

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The term "in custody" appears twice in the statute.  "The first requirement is that the petition be filed 'in behalf of a person in custody,' and the second is that

---

[3] Petitioner states that his request and the Superior Court's order are attached as Exhibits 4 and 5.  The court did not receive those exhibits.

the application for the writ of habeas can only be entertained 'on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

Petitioner has satisfied the first requirement, namely, that he is in custody pursuant to the state judgment of conviction and sentence challenged in the Petition. *Id.* at 978-79.

Petitioner, however, does not satisfy the second requirement. In *Bailey*, a state prisoner challenged the restitution portion of his sentence. The Ninth Circuit observed that the imposition of a restitution order alone would not satisfy § 2254(a)'s jurisdictional requirements. *Id.* at 979. The court concluded that the result is the same when the prisoner is in physical custody pursuant to the state court judgment when he challenges the restitution order. "The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction." *Id.* at 980. The statutory language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.*

> Bailey's challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody. While Bailey's liberty has been severely restrained by his conviction and sentence, the remedy that Bailey seeks, the elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty. If successful, Bailey could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim."

*Id.* at 981.  Thus, "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." *Id.* at 982.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Summary dismissal is appropriate in this case because the court lacks jurisdiction over the Petition.

The court takes judicial notice that Petitioner has a separate pending habeas action in this court in which he contends:  (1) he is entitled to resentencing under the retroactive application of *Miller v. Alabama*, 567 U.S. 460 (2012); (2) he is entitled to a *Franklin* hearing to create a record of youth-related *Miller* factors for use in future parole hearings; and (3) he is entitled to recall or reconsideration of his sentence under Cal. Penal Code § 1170(d)(2).  *Springfield v. Asuncion*, CV 19-13 DDP (AGR) (hereinafter *Springfield I*)..

Petitioner has understandably filed a separate habeas petition to challenge the restitution order because the two petitions are inconsistent.  In the Petition filed in this case, Petitioner seeks to shift liability for payment of restitution to his parents and obtain reimbursement of the restitution he has already paid. (Petition at 5D-5E.)  Petitioner also alleges an inability to pay restitution. (*Id.* at 5C.)  By contrast, in *Springfield I*, Petitioner states that he has already paid the entirety of his restitution obligation of $14,451 and relies on that fact, among others, to support his grounds for relief. (*Springfield I*, Dkt. No. 12 at 239, 253.)  The court

therefore declines, on its own motion, to consolidate the two petitions.[4]

## II.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition for Writ of Habeas Corpus.

DATED: March 29, 2021

DEAN D. PREGERSON
United States District Judge

---

[4] Nor has Petitioner identified any legal basis for jurisdiction in this court for a claim to impose liability on Petitioner's parents for the restitution order and order a refund to Petitioner.